UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASSANDRA D.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C20-1258 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of his[1] application for Supplemental Security Income. Plaintiff contends the ALJ erred by rejecting his testimony and three medical sources' opinions. Dkt. 22. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 28 years old, has a high school education, and has no past relevant work. Dkt. 20, Admin. Transcript (Tr.) 26. Plaintiff applied for benefits on January 11, 2018, and alleges disability as of the application date. Tr. 16. After conducting a hearing in October 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 34-76, 16-28. The ALJ found Plaintiff

---

[1] Plaintiff testified to preferring male pronouns. Tr. 39-40.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

had the severe impairments of obesity, migraines, depression, anxiety, and post-traumatic stress disorder (PTSD). Tr. 19. The ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work, without teamwork or close coordination, and with only casual public interaction. Tr. 21.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

### A. Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff testified to difficulty interacting with people, inability to sit, stand, or walk more than an hour at a time, and the need to spend most of the day lying down "[a]lmost every day" due to migraines and other impairments. Tr. 50; Tr. 280, 48-49, 47. The ALJ discounted Plaintiff's testimony of disabling physical and mental impairments based on conflict with objective medical evidence, improvement with treatment, a situational component to mental limitations, and inconsistency with the record. Tr. 22-24.

#### 1. Objective Medical Evidence

An ALJ may reject claimant testimony based on contradiction by medical evidence, but not for mere lack of support in the medical evidence. *See Carmickle v. Comm'r, Soc. Sec.*

*Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence cannot form the sole basis for discounting pain testimony").

Based on an "unremarkable" neurologic examination and "negative" MRI, the ALJ found Plaintiff's migraine testimony was "out of proportion with the objective findings." Tr. 22-23 (citing Tr. 557, 759). Plaintiff contends these tests are only used to rule out potential causes of headache, and thus normal results do not contradict his testimony. The Commissioner repeats the ALJ's statements, but fails to address Plaintiff's arguments. The Court agrees with Plaintiff. The ALJ found migraines a severe impairment. Tr. 19. At most, the clinical findings fail to support Plaintiff's testimony, but they do not contradict it.

The ALJ discounted Plaintiff's mental symptom testimony based on "minimal psychiatric observations." Tr. 23. The ALJ cited findings such as normal orientation, speech, behavior, or eye contact, but failed to explain how these contradict Plaintiff's testimony of extreme social difficulty. *Id*. The ALJ acknowledged several occasions when providers documented abnormalities in mood and affect, and sometimes thought process. *Id* (citing Tr. 441, 727, 739, 742, 792, 796); *see also* Tr. 399, 463, 744. The ALJ cited two instances of "Normal" affect and "Euthymic" mood. Tr. 798, 800 (however, mood was also "Elevated"). The prevalence of abnormal mood and affect in the record as a whole indicates the ALJ's finding of minimal abnormalities was not supported by substantial evidence.

However, the ALJ also found clinical findings of "intact" concentration and recent and remote memory contradicted Plaintiff's testimony of memory impairments and inability to pay attention for more than five minutes. Tr. 441, 355; *see also* Tr. 285 ("I have memory/

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

understanding issues"), 557 ("intact" concentration and recent and remote memory). This finding was supported by substantial evidence, and was sufficient to discount testimony of extreme concentration and memory impairments.

Conflict with medical evidence was not a clear and convincing reason to discount Plaintiff's testimony, except with regard to memory and concentration.

**2.    Improvement**

The ALJ discounted Plaintiff's migraine testimony based on improvement with treatment. Tr. 23. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). However, making "some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ's decision unsupported by substantial evidence where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Here, the ALJ misapprehended several of the treatment records he cited. The ALJ cited a January 2018 treatment note stating Plaintiff's symptoms were "better overall," but that referred to vertigo, not migraines. Tr. 23, 436. The ALJ cited an August 2018 record reporting only "1-2 major and a handful of minor" episodes, but this was referring to "dizzy spells." Tr. 754. The note stated "headaches are better," but Plaintiff still had "8-10 per month" even with medication. *Id*. Finally, the ALJ cited a July 2018 treatment note stating "[m]igraines x2 in past month, improved with sumatriptan." Tr. 722. The note was from a psychiatric appointment, not one focused on migraines. Even if accurate, the fact that Plaintiff

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

had one relatively good month with only two migraines does not contradict his testimony of about eight to ten migraine days per month, consistent with the rest of the record. Tr. 47; *see also* Tr. 759 (November 2018 treatment note reporting 10-15 severe headaches per month).

Improvement with treatment was not a clear and convincing reason to discount Plaintiff's testimony.

### 3. Situational Component

The ALJ found there was a "situational component" to Plaintiff's mental impairments, because he told mental health providers of "ongoing intermittent interpersonal conflict, alienation, or other [stressful] difficulties." Tr. 23 (citing Tr. 420-21, 439, 803, 805). The ALJ's finding is not supported by substantial evidence. One citation merely shows a "[m]ildly [s]tressful [e]nviroment," insufficient to cause disabling limitations. Tr. 420-21. A January 2018 treatment note documents "generalized worry" over medical issues, financial concerns, and "a great deal of worry about past treatment as well as current treatment considerations." Tr. 439. Accordingly, the provider assessed "[g]eneralized anxiety disorder." Tr. 441. In other words, the worrying is part of Plaintiff's impairment. In January and March 2019, Plaintiff complained about roommates. Tr. 803, 805. However, at the October 2019 hearing, Plaintiff explained he left that housing situation in August 2019 because it was "too stressful," but his impairments remained. Tr. 61.

A situational component was not a clear and convincing reason to discount Plaintiff's testimony.

### 4. Inconsistencies

The ALJ found there were a number of "discrepancies that detract from the reliability of the claimant's allegations." Tr. 24. None, however, actually contradict Plaintiff's testimony.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

### a) Work

The ALJ cited "evidence [Plaintiff] has continued to work" after the alleged onset date but failed to explain the significance of Plaintiff's extremely minimal work activity. Tr. 24. At the hearing, the ALJ asked Plaintiff about a January 2018 treatment note stating he did "pin-up work and character designs." Tr. 429. Plaintiff confirmed he had, "earning less than $100 a month," but more recently "ha[d]n't been able to do that." Tr. 63-64. There is no indication that this work, done at home for about "four to eight hours a month," contradicted Plaintiff's testimony. Tr. 66. Other records the ALJ cited, such as Plaintiff reporting "starting a webcom[i]c and character design" or that he "backed off of working," do not indicate work activity inconsistent with Plaintiff's testimony. Tr. 415, 616. In August 2018, Plaintiff reported that, after taking a break, he had "a full queue of commissions" and was "feeling more hopeful about being able to support [him]self." Tr. 745. But there is no indication Plaintiff actually achieved the ability to support himself. Plaintiff's minimal work, done at home and on his own schedule, does not contradict his testimony.

### b) Agoraphobia

The ALJ found Plaintiff's claims of agoraphobia inconsistent with having friends, engaging in a polyamorous relationship, and going to the state fair and farmers market. Tr. 24. The ALJ cited only two mentions of friends, and none of polyamorous activity, in the entire record. Tr. 795, 807. This does not contradict Plaintiff's testimony he only sees friends "[f]ace to face, maybe once or twice a month tops." Tr. 57.

In May 2019, Plaintiff reported he "[w]ill go to the state fair" and uses food stamps "at farmers market." Tr. 838. However, Plaintiff never testified he cannot be in public at all, but that he needs to be accompanied by his partner. *See* Tr. 283 (shops in stores; can't go out alone

because "I feel extremely uncomfortable without my partner"). Inconsistency was not a clear and convincing reason to discount Plaintiff's testimony of agoraphobia.

### c) Panic

The ALJ cited treatment notes from about a year before the alleged onset date stating Plaintiff experienced panic at a crowded public event, and did not pick up medication despite messages it was ready. Tr. 24 (citing Tr. 467, 485). The ALJ failed to explain how this undermined Plaintiff's testimony regarding the relevant period. Plaintiff consistently reported panic attacks during the relevant period. *See, e.g.*, Tr. 784 (September 2018: "Panic attacks have been occurring more fre[]quently in past 2 weeks"), 838 (April 2019: "Panic continues and perhaps increased in frequency, last time was yesterday."). The ALJ failed to identify any inconsistency undermining Plaintiff's testimony.

### d) Medication Side Effects

The ALJ indicated Plaintiff's symptoms "may be at least partly attributable to medication" side effects. Tr. 24. But an ALJ must account for limitations arising both directly from impairments and indirectly from medication needed to treat them. SSR 96-8p ("The RFC assessment must be based on *all* of the relevant evidence in the case record, [including] side effects of medication"). The ALJ identified no discrepancy undermining Plaintiff's testimony.

Discrepancy with the record was not a clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ erred by discounting Plaintiff's testimony, except regarding memory and concentration impairment.

## B. Medical Opinions

The parties disagree on the standard of review, but neither contends the difference

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

between the two standards would change the outcome here.  Because Plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence.  The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation.  20 C.F.R. § 416.920c(a), (b).  The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding.  *Id*. at (c)(1)-(2).  At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion.  The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence.  *See* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

**1. Treating Physician Lindsay Gunnell, M.D.**

In May 2018, Dr. Gunnell opined Plaintiff needed to lie down during the day due to migraine/vertigo.  Tr. 574.  He could sit six hours per day, rarely handle, rarely reach above shoulders or towards floor, and lift and carry five to ten pounds.  Tr. 574-75.  In October 2019, Dr. Gunnell opined Plaintiff could stand/walk less than two hours, sit two to four hours, and would need to recline four to six hours per day.  Tr. 781.

The ALJ found these opinions "not … persuasive" because Dr. Gunnell provided "no narrative" and her opinions were inconsistent with the medical evidence.  Tr. 25.  However, opinions "based on significant experience with [the claimant] and supported by numerous records [are] entitled to weight that an otherwise unsupported and unexplained check-box form would not merit…."  *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014).  It was error to

reject Dr. Gunnell's opinions based on a lack of narrative explanation in the opinion itself, when the record contained numerous treatment records from her practice. *See, e.g.*, Tr. 424-536.

The ALJ found Dr. Gunnell's opinions inconsistent with "negative imaging, minimal difficulties in physical examinations, and improvement in symptoms." Tr. 25. As discussed above, negative imaging did not contradict migraine impairments. Neither the ALJ nor the Commissioner identified any physical examination findings that contradicted Dr. Gunnell's opinions. And the record did not reveal sufficient improvement to contradict Dr. Gunnell's opinions. *See, e.g.*, Tr. 754 (Plaintiff still had 8-10 migraines per month with medication).

The Commissioner argues Dr. Gunnell's opinion was based to a large extent on Plaintiff's unreliable self-reports and not clinical evidence. Dkt. 23 at 13. The ALJ's decision does not contain such an analysis and the Commissioner's contention is thus an improper *post hoc* argument upon which the Court cannot rely. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995). Moreover, because the ALJ erred in discounting Plaintiff's testimony, overreliance on it would not have been a valid basis to reject Dr. Gunnell's opinions.

The Court concludes the ALJ erred by discounting Dr. Gunnell's opinions.

**2.     Treating Providers Megan Touhey, M.S.W., and Dierdre McHugh, DNP, ARNP**

Ms. Touhey and Ms. McHugh provided several letters opining marked impairments in mental work activities. Tr. 394, 549, 550-51, 750, 751-52, 776-79, 783. The ALJ discounted these opinions as unsupported by a narrative explanation and inconsistent with mental health records. Tr. 25. It was error to reject the opinions based on a lack of narrative explanation, when the record contained their extensive treatment records. *See* Tr. 698-748, 784-854; *Garrison*, 759 F.3d at 1013.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

The ALJ found the opinions inconsistent with "minimal" psychological abnormalities, "the claimant's inconsistent statements, and a situational component to the claimant's allegations." Tr. 25. As discussed above, the ALJ's finding of minimal abnormalities was not supported by substantial evidence, except regarding memory and concentration, and substantial evidence did not support the ALJ's findings of inconsistent statements or a situational component to mental impairments.

The Court concludes the ALJ erred by discounting Ms. Touhey's and Ms. McHugh's opinions.

### 3. State Agency Doctors

Plaintiff asserts "neither the DDS nor the ALJ considered upper extremity limitations or limitations imposed by the claimant's migraines." Dkt. 22 at 9. This assertion is incorrect, as both the State agency doctors and the ALJ considered upper extremity impairments and migraines. *See* Tr. 85, 94, 19, 23. Moreover, Plaintiff fails to explain the relevance of this assertion. It is not enough to present an argument in the skimpiest way, and leave the Court to do counsel's work by framing the argument and putting flesh on its bones through a discussion of the applicable law and facts. Without more, Plaintiff's assertion is insufficient to establish harmful error. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (court "will not consider any claims that were not actually argued in appellant's opening brief"). The Court need not address this asserted error further. *Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with specificity in briefing).

## C. Scope of Remand

Plaintiff asserts "[i]f benefits are not paid outright this case should be remanded for a *de novo* hearing." Dkt. 22 at 9. Remand for an award of benefits "is a rare and prophylactic

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS - 10

exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). It requires establishing the ALJ failed to provide legally sufficient reasons for rejecting evidence, there are no outstanding issues for the ALJ to resolve, and the improperly rejected evidence would require the ALJ to find the claimant disabled on remand. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Even when these rare circumstances are present, the Court retains discretion to remand for further proceedings, especially "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Plaintiff has made no effort to establish the three requirements are met to remand for benefits. Outstanding issues remain that the ALJ must resolve. For example, Dr. Gunnell opined handling limits due to carpal tunnel syndrome, which the ALJ found "was ruled out with testing." Tr. 19; Tr. 575. The Court concludes the rare circumstances necessary to remand for benefits are not present. Even if they were, the Court would exercise its discretion to remand for further proceedings because the record as a whole creates doubt as to disability. For example, Plaintiff described himself in March and April 2018 as a "full time artist and illustrator" who "draws all day." Tr. 703, 590. A mental health provider assessed him with only "Mild Functional Impairment" in January 2018. Tr. 416. These uncertainties make remand for an award of benefits inappropriate.

The Court concludes the case should be remanded for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony and the opinions of Dr.

Gunnell, Ms. Touhey, and Ms. McHugh; reassess the RFC as appropriate; and continue to step five as necessary.

DATED this 25th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE